UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARL C. DAVIS, | ) |
|         Plaintiff, | ) |
| v. | )    79-cv-02561 (RCL) |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) |
|         Defendants. | ) |

**FILED**
APR 1 2 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM AND ORDER

Upon this Court's Order of Feb. 24, 2012 denying plaintiff's appeal from the Magistrate Judge's decision, this case was closed. *See* Feb 24, 2012 Order [189]. Subsequently plaintiff filed a new motion entitled "Motion Disqualification and the Court's Reconsideration of the Order and Memorandum Opinion Dated February 24, 2012" with the Clerk's Office, and has since filed Notice of Appeal to the D.C. Circuit. *See generally* Notice of Appeal [191]. After such an appeal is filed, this Court no longer has jurisdiction over this case and hence cannot rule on plaintiff's new motion. *See Greater Boston Television Corp v. FCC*, 463 F.2d 268, 280 n.22 (D.C. Cir. 1971) (citing *Smith v. Pollin*, 194 F.2d 349 (D.C. Cir. 1952)). However, under the procedure established in *Smith*, plaintiff's motion should be filed, and this Court may indicate how it would rule on the motion were the case remanded to its jurisdiction, which plaintiff can then bring to the D.C. Circuit's attention. *Id.*

When this case was transferred to me from Judge Kennedy in December, 2011, I had no recollection of having any involvement with this case over 32 years ago as an Assistant United

States Attorney. Having had no involvement since 1980, and as the available online docket only dates from 1999, my recollection was not refreshed when the case history was reviewed after transfer. The full hardcopy docket was not received from the clerk's archives until after the February 24, 2012 opinion and order were filed. However, as plaintiff correctly notes, 28 U.S.C. § 455(b)(3) requires that a judge disqualify himself when he participated in the proceedings as a government employee. The statute allows no discretion in this decision, provides for no expiration of this requirement, and disallows voluntary waiver. Therefore, were this case remanded by the D.C. Circuit, I would disqualify myself from this case as required by statute, my prior order and opinion would be vacated, and the case would be reassigned.

Accordingly, it is hereby

ORDERED that the Clerk's Office shall enter plaintiff's Motion Disqualification and the Court's Reconsideration of the Order and Memorandum Opinion Dated February 24, 2012 on docket; and it is further

ORDERED that the Clerk's Office shall transmit this Memorandum and Order to the D.C. Circuit.

SO ORDERED this 12th day of April 2012.

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court