UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EARL C. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 79-02561 (RJL) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| LABOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION
November 30, 2012 [## 185; 200; 201]

## I.    INTRODUCTION

Before the Court for a second time are plaintiff's Appeal of Magistrate Judge
Order Docket No. 180 to the Federal District Judge ("Appeal") [185], defendants'
Opposition to Plaintiff's Appeal ("Opp'n") [186], and plaintiff's Reply to Defendants'
Opposition ("Reply") [187]. Plaintiff appeals the Magistrate Judge's order [182] denying
plaintiff's Motion for Clarity [180]. Plaintiff argues that the Magistrate Judge exceeded
her authority under the Longshore and Harbor Workers' Compensation Act ("LHWCA"),
33 U.S.C. § 921(d) (2006), by refusing to give proper weight to the findings of the
LHWCA administrative complaint process. *Id.* §§ 921(a)-(c); *see* Appeal at 2. Plaintiff
also requests that this Court issue an injunction ordering compliance with its prior order
in this case. *Id.* at 4-5, 17.

In 2011, the Chief Judge of this Court issued an order [189] denying the Appeal. However, that order was vacated after the Chief Judge granted a motion to disqualify himself from this case [198]. Subsequently, the plaintiff filed a Motion for "Further Proceedings" as Required by United States Court of Appeals for the District of Columbia [200] and a Motion to Enforce Administrative Decision and Order Pursuant to 33 U.S.C. § 921(d) [201].

Having carefully considered the appeal, opposition, reply, subsequent motions, and the voluminous record in this case, the Court AFFIRMS the Magistrate Judge's order and DENIES plaintiff's request for injunction. For the same reasons, the Court DENIES plaintiff's motions for further proceedings and for enforcement of the administrative decision and order. Additionally, since there is no longer an active controversy within this Court's jurisdiction, this case will be terminated from the Court's active docket.

## II.   BACKGROUND

### A.   Summary of the Case

In 1982, plaintiff Earl C. Davis was adjudicated under the LHWCA as permanently disabled by an on-the-job injury that occurred in 1965, while he was in the employ of defendant George Hyman Construction Company ("Hyman"). *See* Director's Response to Magistrate Robinson's July 1, 2005 Order ("Director's Response") [117] at 1-2. In 1982, this court entered judgment in the form of an order ("1982 Order") establishing the procedures by which the Mr. Davis was to submit reimbursements to defendant Liberty Mutual Insurance Company ("Liberty Mutual") (defendant Hyman's insurance carrier), and the time and format by which Liberty Mutual was to respond.

Director's Response Ex. A (copy of the 1982 Order). In 2000, in response to Mr. Davis'

ongoing difficulties in obtaining reimbursements from Liberty Mutual, this Court granted

Mr. Davis' motion to revive the judgment. Sept. 1, 2000 Order [23]. In 2001, Mr. Davis'

motion to hold Liberty Mutual in contempt of the 1982 Order was referred to the

Magistrate Judge. Feb. 28, 2001 Order [46]. The Magistrate Judge modified the 1982

Order to clarify the reporting requirements and to provide that Liberty Mutual would be

subject to a monetary penalty for delays in compliance with the 1982 Order. Mar. 15,

2001 Order ("Modified Order") [50].

Since 2002 the parties have had an ongoing dispute involving four requests for

reimbursement filed by Mr. Davis. *See* Appeal at 8; Reply at 10. These claims were

pursued via the administrative process of the LHWCA, including a determination by an

Administrative Law Judge ("ALJ"), an appeal to the Benefits Review Board ("BRB"),

and an appeal to the D.C. Circuit, resulting in a final decision that partially granted,

partially denied, and partially dismissed Mr. Davis' claims. *See* Director's Response at

3-4; *see generally* Reply Attach. 18-49.0F[1]  While the administrative process was

ongoing, Mr. Davis pursued an action in this Court to enforce the 1982 Order under §

921(d) of the LHWCA, to require Liberty Mutual to respond to Mr. Davis'

reimbursement requests in the form specified by the Modified Order, and to enforce the

monetary penalty specified in the Modified Order for lack of timely response by Liberty

Mutual. In November 2003, the Magistrate Judge ordered Liberty Mutual to submit a

---

[1]     Attachments to the Reply are not separately labeled or numbered; page numbers
are as reported in the ECF document header (ALJ decision 18-34; BRB decision 35-44;
D.C. Circuit order 45-49).

detailed response addressing each of the four disputed reimbursement requests ("Document Production Order"), which is the basis of Mr. Davis' argument to this Court. Appeal at 10.

**B.   Procedural History**

The record is replete with hearings before the Magistrate Judge, orders for consultations and status reports, and orders in response to a series of motions in an attempt to resolve this ongoing enforcement dispute over an administrative action that received its final status almost seven years ago.[2] The following is a short summary of the relevant history of this case.

In May 2005, Mr. Davis moved to compel compliance with the Modified Order and to impose the penalty specified in that order. *See generally* Pl.'s Mot. to Compel Compliance [111]; Pl.'s Mot. to Impose Penalty [103].   In November 2005, the Department of Labor provided a status update in response to the Magistrate Judge's order. *See generally* Director's Response. In May 2006, the Magistrate Judge ordered the parties to meet and submit a detailed report on all outstanding issues, and dismissed Mr. Davis' two motions without prejudice. *See generally* May 5, 2006 Order [119].

At a January 2007 status hearing, the Magistrate Judge fined Liberty Mutual $5,500 for late payment of one of the disputed claims and again ordered the parties to confer and produce a status report on the remaining claims. *See* Jan. 10, 2007 Minute Order; Pl.'s Mot. Leave to File Resp. [141] at 23-24 (quoting portions of transcript of

---

[2]     The D.C. Circuit issued its opinion affirming the review of the ALJ's decision in March 2005. *Davis v. Director, Office of Workers' Compensation Programs*, 124 F. App'x 1 (D.C. Cir. 2005).

Jan. 10, 2007 hearing).  This Court upheld the fine imposed by the Magistrate Judge.
Oct. 12, 2008 Order [168].

In 2008 the Magistrate Judge denied Mr. Davis' outstanding motions for enforcement of the Modified Order.  *See generally* Sept. 22, 2008 Mem. Order [165]. Also in 2008, defendant Department of Labor was dismissed from the case.  Sept. 23, 2008 Minute Order.  Mr. Davis' Motion for Reconsideration and subsequent Motion for Enforcement were denied in 2009 and 2010, respectively.  *See generally* Sept. 21, 2009 Order [171]; Mar. 31, 2010 Mem. Order [179].  Mr. Davis' Motion for Clarity was denied in 2011.  *See generally* Mar. 23, 2011 Order [182].  The Appeal of this most recent order is now before this Court.

On February 24, 2012, Chief Judge Royce Lamberth denied this Appeal.  *See* Febr. 24, 2012 Order [189]; Feb. 24, 2012 Mem. Op. [190].  However, this denial was vacated after the Chief Judge granted a motion to disqualify himself from the case.  *See* Oct. 1, 2012 Mem. Op. and Order [198].  Thereafter, Mr. Davis filed a Motion for Further Proceedings [200] and a Motion to Enforce the Administrative Decision and Order [201], asking this Court to take action and to enforce the August 1982 Order as modified on March 15, 2001 [50].

IV.   ANALYSIS

The Court finds that the decision of the Magistrate Judge was not "clearly erroneous or contrary to law."  L. Civ. R. 72.2(c).  Therefore the Appeal will be denied. Additionally, since the matter of the four disputed requests for reimbursement has been now been settled, and there are no other reimbursement disputes active between the

parties, this Court has no further jurisdiction under the LHWCA, and this case will be terminated from the Court's active docket.

### A.   The Deferential Standard of Review of Local Civil Rule 72.2(c) Applies to This Motion

This case was referred to the United States Magistrate Judge for full case management.  Feb. 26, 2008 Order [159].  Pursuant to Local Civil Rule 72.2(a), the Magistrate Judge determines all motions and matters that arise in the case, except for those matters specified in Local Civil Rule 72.3, for which the Magistrate Judge will report proposed findings of fact and a recommendation for disposition. *See id.* at 1 n.1. The motion before the Magistrate Judge was not one enumerated in Local Civil Rule 72.3; therefore the standard of review in this matter is addressed in Local Civil Rule 72.2.

Pursuant to Local Civil Rule 72.2(c), the order of the Magistrate Judge may only be set aside or modified if it is "clearly erroneous or contrary to law."2F[3] *See also* Fed. R. Civ. P. 72(a) (specifying the standard of review for objections to magistrate judge orders on nondispositive motions).  As such, the court will affirm the finding of a magistrate judge "unless 'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Nw. Nat. Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)).

---

[3] Plaintiff incorrectly cites to Local Civil Rule 72.3.  Appeal at 1.  Review under Local Civil Rule 72.3 would require a more searching analysis under the *de novo* standard. *See* Local Civil Rule 72.3(c).  Because the motion at issue is not one covered by Local Civil Rule 72.3, the more deferential standard of Local Civil Rule 72.2(c) is applicable.

**B.      The Plaintiff Has Not Met The Burden of Showing that the Magistrate Judge's Order Was Clearly Erroneous or Contrary To Law**

This Court's jurisdiction over this dispute is limited under the LHWCA.  As the D.C. Circuit noted in reviewing the administrative disposition of Mr. Davis' claims, "[t]he district court has jurisdiction only to process and enforce" any award arising from the administrative process under LHWCA.  *Davis*, 124 F. App'x at 2; *see also Marshall v. Barnes & Tucker Co.*, 432 F. Supp. 935, 938 (W.D. Pa. 1977) ("[A] district court under § 921(d) can only enforce an order; it may not affirm, modify, suspend or set aside an order.").  Mr. Davis asserts that the Magistrate Judge erred by refusing to give proper weight to the findings of the ALJ, as affirmed by the BRB and the D.C. Circuit.  Appeal at 2.  Yet a review of the record shows that the Magistrate Judge correctly refused to address any substantive questions regarding the award or denial of claims.  *See, e.g.*, Sept. 22, 2008 Mem. Order [165] at 5 ("this court cannot review a decision to deny a claim, order additional payments to a provider or sanction Liberty Mutual, other than in accordance with" the Modified Order).

Mr. Davis' complaint seeks strict enforcement of the letter of the 1982 Order, the Modified Order, and the Document Production Order.  Appeal at 10; *id.* at 17.  This has led him to claim entitlement to fines of approximately $30 million.3F[4]  *See* Appeal at 12 (emphasizing the $500 fine); *id.* at 10 (highlighting the Document Production Order); Motion for Clarity at 12 (calculating the fine for failure to comply at over $27 million as

---

[4]      The Court notes that the request for nearly $30 million in fines on an initial dispute over claims totaling approximately $50,000—much of which was adjudicated not payable via the LHWCA administrative process—borders on the frivolous.

of Sept. 2009).  But Mr. Davis misapprehends the language of the 1982 Order and the Document Production Order.

First, the 1982 Order applies *only* to reimbursements to Mr. Davis personally, and does not address any other payments for medical services (such as the disputed direct payments to Mr. Davis' doctor and treating hospital).  The stated purpose, in the preamble of the 1982 Order, is "to secure payment of medical expenses, transportation expenses, reimbursement of prescription costs, and orthopedic footwear."  1982 Order at 1.  However, the Order clearly addresses only "expenses for which [Mr. Davis] is seeking reimbursement."  *Id.* at 1-2.  Under the LHWCA, this is all the Order can address.  33 U.S.C. § 902(12) (2006) ("'Compensation' means the money allowance *payable to an employee or to his dependents*" (emphasis added)).  The Modified Order addresses only the form of the required response to a reimbursement request; it does not change the scope of the 1982 Order.  *See generally* Modified Order.  Therefore the Magistrate Judge correctly refused to address questions of payments to Mr. Davis' doctor and treating hospital.  Sept. 28, 2008 Order at 4-5.

Second, the Document Production Order left to Liberty Mutual's discretion the form that the reply must take.  Appeal at 10 ("preferably in the form of a spreadsheet *or in any other manner that you believe would aid the Court in making its determination*" (quoting the Magistrate Judge at the Nov. 13, 2003 hearing) (emphasis added)).  The basis of Mr. Davis' complaint is that Liberty Mutual has not complied with this document production order.  Yet the record is replete with document production from Liberty Mutual, which was extensively reviewed by the Magistrate Judge.  Whether the form of

response was properly responsive to the Document Production Order is a matter left to the Court's discretion. *Cf. S.E.C. v. Solow*, 682 F. Supp. 2d 1312, 1324 (S.D. Fla. 2010) (noting that in considering a petition for a civil contempt citation for failure to comply with a court order, the moving party must show lack of compliance by clear and convincing evidence, and that the court may take a good faith effort to comply into account in declining to issue the citation), *aff'd*, 396 F. App'x 635 (11th Cir. 2010). The Magistrate Judge held that Liberty Mutual had complied with the Document Production Order sufficiently for her to determine compliance with the Modified Order. *See* Mar. 31, 2010 Mem. Order [179] at 2-3 (enumerating the record of documents produced and reviewed in reaching the decision).

Finally, the Magistrate Judge applied the fine structure from the Modified Order to the extent that Liberty Mutual was clearly not in compliance with the order. The January 2007 order requiring Liberty Mutual to pay $5,500 to Mr. Davis was based on clear documentary evidence that payment on one reimbursement request was 11 days late, and the order was affirmed by this Court in 2008. *See* Jan. 10, 2007 Minute Order; Oct. 12, 2008 Order [168]. That the Magistrate Judge was satisfied that the other reimbursement requests either were in compliance with the Modified Order or were not covered by the 1982 Order is clear from the record.

This Court sympathizes with Mr. Davis' concerns over his long history of difficulties in dealing with Liberty Mutual, which gave rise to the 1982 Order and the Modified Order. The Department of Labor, in its Motion to Withdraw, noted that it assisted in obtaining the Modified Order because "Liberty Mutual chronically failed to

respond to Davis's requests to pay medical expenses that he believed were mandated by the compensation order." Director's Mot. to Withdraw [157] at 3. Still, a plaintiff cannot continually attempt to relitigate the same claims, after a judgment on the merits has been entered. As the Magistrate Judge noted, "motions for reconsideration may not be used to relitigate old matters." Mar. 23, 2011 Order [182] (quoting *Solomon v. Univ. of S. Cal*, 255 F.R.D. 303, 305 (D.D.C. 2009)) (internal edits omitted). The 1982 Order and the Modified Order were provided to ensure responsiveness from Liberty Mutual, not as a basis for ongoing litigation concerning matters that have long since been fully adjudicated.

### C.   Resolution of the Matter of the Four Disputed Reimbursement Requests and the Lack of Any Subsequent Dispute Ends This Court's Jurisdiction Over This Matter

Under the LHWCA, the District Court has jurisdiction only to enforce compliance with a final compensation order arising from the LHWCA's administrative process. 33 U.S.C. § 921(d) (2006); *see also Davis*, 124 F. App'x at 2 ("[t]he district court has jurisdiction only to process and enforce" the award). The Magistrate Judge's orders have done just that, with respect to the four disputed reimbursement requests. This Court can do nothing further on this matter. The 1982 Order and the Modified Order exist to ensure Liberty Mutual's complete and timely response to Mr. Davis' ongoing requests for reimbursement. They do not exist to provide Mr. Davis a potential windfall from disputes over the form of document production.

In 1982, an Administrative Law Judge adjudicated Mr. Davis as permanently and totally disabled under the LHWCA, entitling Mr. Davis to continued medical care

provided by the defendants. See Director's Response at 1-2. Therefore, Mr. Davis is entitled to employ this Court's enforcement jurisdiction under § 921(d) whenever Liberty Mutual fails to adequately respond to an outstanding request. At this time, however, there are no outstanding requests. In 2005, the Department of Labor stated that there were no pending administrative actions, nor requests for the Department to resolve any disputes or issues. Director's Response at 8. Additionally, Liberty Mutual has adduced evidence that Mr. Davis has not requested any new reimbursements, nor responded to Liberty Mutual's inquiries, in over five years. *See* Defs.' Mem. of Law in Support of Opp'n [186-1] at 3-4; Defs.' Opp'n to Pl.'s Mot. Enforcement Ex. 1 [172-2]. As the matter of the four disputed reimbursement requests is now settled, and no additional disputes have been presented, there are no longer any matters before the Court within its jurisdiction under § 921(d).

## V.   CONCLUSION

Under Local Civil Rule 72.2, this Court reviews the decision of the Magistrate Judge to determine whether it is "clearly erroneous or contrary to law." L. Civ. R. 72.2(c). The Magistrate Judge followed the jurisdictional restrictions of § 921(d) of the LHWCA, as well as the scope of the 1982 Order and Modified Order, and the decision rendered on that basis is not contrary to law. Nor is the Magistrate Judge's decision to limit Mr. Davis' recovery under the Modified Order to the $5,500 fine imposed in January 2007 clearly erroneous. This Court cannot say that "a mistake has been committed." *Neuder*, 194 F.R.D. at 292. In the absence of any disputes between the parties, there is no further action for this Court to take under § 921(d).

For the foregoing reasons, the Court DENIES plaintiff's appeal and request for an injunction [185], plaintiff's motion for further proceedings [200], and plaintiff's motion to enforce [201].   The Court further ORDERS that this case be terminated from the Court's active docket.

A separate Order consistent with this Memorandum Opinion shall issue this date.

RICHARD J. LEON
United States District Judge