**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

)
EARL C. DAVIS, )
)
        **Plaintiff,** )
)
v. ) Civil Case No. 79-2561 (RJL/DAR)
)
GEORGE HYMAN CONSTRUCTION )
COMPANY, *et al.*, )
)
        **Defendants.** )

**FILED**

FEB 2 7 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
February 26, 2018 [Dkt. # 292, 296, 298]

Plaintiff Earl C. Davis ("plaintiff" or "Davis"), a disabled former employee of defendant George Hyman Construction Company ("George Hyman"), seeks enforcement of an order governing the obligations of defendant Liberty Mutual Insurance Company ("Liberty Mutual") when responding to plaintiff's reimbursement requests for medical expenses. The sole question remaining in this decades-old case is whether Liberty Mutual's responses to three reimbursement requests by Davis—requests dated March 14, April 3, and November 21, 2001—complied with prior orders of this Court.

On February 9, 2015, this Court referred the case to Magistrate Judge Robinson "for the purpose of making written findings" on that question. 02/09/2015 Minute Entry. In response, Magistrate Judge Robinson received testimony and evidence during days of evidentiary hearings, waited as both sides pursued—and were denied—relief regarding various aspects of the hearings, and reviewed numerous filings on the question of Liberty

Mutual's compliance with the relevant orders. Magistrate Judge Robinson's admirable efforts culminated in a Memorandum Opinion and Order dated June 16, 2017. *See* 6/16/2017 Order [Dkt. # 293]; 6/16/2017 Mem. Op. [Dkt. # 294]. In her opinion, Magistrate Judge Robinson rejects a number of Davis's arguments regarding Liberty Mutual's liability. She concludes, however, that Liberty Mutual did commit two violations of prior court orders that required Liberty Mutual to pay Davis $28,000 in total fines. *See* 6/16/2017 Mem. Op. 20, 23.

Both sides have filed objections to Magistrate Judge Robinson's memorandum opinion and order. *See* Defs.' Obj. to Mem. Op. & Order Dated June 16, 2017 ("Defs.' Obj.") [Dkt. # 298]; Full Appeal & Obj. to June 16, 2017 Mem. Op. of Mag. Judge ("Pl.'s Obj.") [Dkt. # 300].[1] In addition, in a separate motion filed prior to the issuance of Magistrate Judge Robinson's opinion, defendants argue that this entire action should be dismissed for lack of subject matter jurisdiction. *See* Defs.' Mot. Dismiss Lack of Jurisdiction [Dkt. # 292]. Upon consideration of the parties' filings, the remainder of the record, and the relevant case law, the Court DENIES defendants' motion to dismiss for

---

[1] Defendants argue that this Court should dismiss plaintiff's objections as untimely. But plaintiff, acting *pro se*, filed a timely notice of objection pursuant to Local Civil Rule 72.2 and requested an "enlargement of time to file a full appeal." Notice of Obj. Pursuant to LCvR 72.2(c) to the Determination [Mem. Op.] & Enlargement of Time [Dkt. # 296]. Before Magistrate Judge Robinson could act on plaintiff's motion for an extension of time, plaintiff filed his notice of objection—styled as a full appeal— and the notice was transferred to our Circuit. *See* Pl.'s Obj; 8/24/2017 Minute Entry. The filing of that appeal in our Circuit was premature, as our Circuit noted when it dismissed the appeal in late 2017. *See Davis v. George Hyman Constr. Co.*, No. 17-7127 (D.C. Cir. Dec. 6, 2017) (terminating appeal because Davis "intended to seek review by a district judge of the magistrate judge's memorandum opinion and order"). But given that plaintiff sought to preserve his rights by moving for an extension of time and ultimately filed his objections prior to the Magistrate Judge's ruling on his extension motion, I reject defendants' timeliness objection.

lack of jurisdiction, OVERRULES the parties' objections, and AFFIRMS Magistrate Judge Robinson's memorandum opinion and order.

## BACKGROUND

A thorough recitation of the factual background and lengthy procedural history of this case can be found in Magistrate Judge Robinson's memorandum opinion, *see* 6/16/2017 Mem. Op. 2-9; therefore, I will provide only a brief summary of the present dispute. Following an on-the-job injury that occurred while plaintiff was working for George Hyman, plaintiff was adjudicated to be permanently disabled—and thus entitled to benefits—under the Longshore and Harbor Workers' Compensation Act ("the Act"), 33 U.S.C. § 901 *et seq*.

Pursuant to an administrative compensation order, plaintiff was entitled to be reimbursed for certain medical expenses by George Hyman's insurance company, Liberty Mutual. Plaintiff, however, suffered many difficulties in dealing with and receiving timely payment from Liberty Mutual. *See Davis v. U.S. Dep't of Labor*, 961 F. Supp. 2d 1, 2 (D.D.C. 2012). To address Liberty Mutual's failings, plaintiff sought enforcement of the administrative compensation order in the district court. *See id.* at 1, 6; *see also* 33 U.S.C. § 921(a), (d). In an order dated August 24, 1982 ("1982 Order"), a district judge previously assigned to this action clarified "the procedures by which . . . Mr. Davis was to submit reimbursements to defendant Liberty Mutual" as well as "the time and format by which Liberty Mutual was to respond." *Davis*, 961 F. Supp. 2d at 2; *see also* 1982 Order [Dkt. # 292-8].

Nearly two decades later, plaintiff reported that he was still experiencing difficulties in obtaining reimbursements from Liberty Mutual. *See* 11/9/1999 Minute Entry. Ultimately, after discovery and hearings on the question of Liberty Mutual's compliance, Magistrate Judge Robinson issued an order modifying the original 1982 Order. *See* 3/15/2001 Order ("2001 Order") [Dkt. # 50]. In addition to clarifying Liberty Mutual's response requirements, the 2001 Order set forth a penalty scheme under which Liberty Mutual would be fined for delays in complying with its response obligations. *See id.* ¶ 6 ("For every day beyond the 30 days specified in this order . . . that Liberty Mutual fails to pay in full or file an adequate response to a request for reimbursement or payment, Liberty Mutual will be liable for a $ 500 fine. . . ."); *see also Davis*, 961 F. Supp. 2d at 2.

As the voluminous record of this case indicates, much has occurred since entry of the 2001 Order. To make a very long story short, our Circuit has remanded the case for a determination on one remaining question: "[W]hether Liberty Mutual's responses" to Davis's "March 14, April 3, and November 26, 2001" reimbursement requests "complied with the 2001 order, and if any of them did not, to impose the fine prescribed by that order." *Davis v. Dep't of Labor*, No. 13-5026, at 2 (D.C. Cir. May 2, 2014) ("Remand Order") [Dkt. # 213]. This Court subsequently referred the case to Magistrate Judge Robinson for the purpose of making written findings on that question. *See* 2/9/2015 Minute Order. In a memorandum opinion and order issued in June 2017, Magistrate Judge Robinson addressed the question of Liberty Mutual's liability, concluding that Liberty Mutual committed two violations of the 2001 Order that obligated the company

4

to pay $28,000 in fines to plaintiff. *See* 6/16/2017 Mem. Op. 20, 23. Both parties object to aspects of Magistrate Judge Robinson's opinion and order. I now turn to those objections, ultimately agreeing with Magistrate Judge Robinson's analysis.

## ANALYSIS

### A. Subject Matter Jurisdiction

Before addressing the merits of the parties' objections to Magistrate Judge Robinson's memorandum opinion and order, I must address the threshold jurisdictional issue recently raised by defendants. Defendants argue that this Court lacks subject matter jurisdiction because there is no "unsatisfied final order issued by an ALJ" and thus no jurisdiction under the Act. Defs.' Mot. Dismiss Lack of Jurisdiction 1. That is incorrect.

As this Court and our Circuit have previously explained, 33 U.S.C. § 921(d) supplies a district court with jurisdiction to "enforce compliance with a final compensation order arising from the LHWCA's administrative process." *Davis*, 961 F. Supp. 2d at 6. Because there remain three active disputes over Liberty Mutual's compliance with the administrative compensation order and this Court's enforcement orders, Davis remains "entitled to employ this Court's enforcement jurisdiction under § 921(d)." *Id.*; *see also Davis v. U.S. Dep't of Labor*, No. 84-5307, at 2 (D.C. Cir. Nov. 28, 1985) [Dkt. # 292-14] ("We do note, however, that the August 24, 1984 order is still binding on the appellees. Should appellant face problems with the timeliness of any future medical bills, the District Court has jurisdiction to ensure that its order is obeyed."). It is worth noting, moreover, that our Circuit remanded the case to this Court with instructions to "determine whether Liberty Mutual's responses to the requests dated

5

March 14, April 3, and November 26, 2001, complied with the 2001 order and, if any of them did not, to impose the fine prescribed by that order." Remand Order 2. By arguing that this Court lacks jurisdiction, defendants in effect invite me to conclude that our Circuit overlooked a fundamental jurisdictional defect with these proceedings and remanded the case to a court powerless to render the requested determination. Please. While I may have tugged on the lion's whiskers from time to time, I have not, and will not, kick it in the teeth! In short, defendants' jurisdictional challenge is without merit.

**B. Standard of Review**

Defendants next argue that I should apply de novo review to Magistrate Judge Robinson's order rather than the more deferential "clearly erroneous or contrary to law" standard found in Local Civil Rule 72.2(c). *Compare* LCvR 72.3(c) (requiring district court to "make a de novo determination of those portions of a magistrate judge's findings and recommendation to which objection is made"), *with* LCvR 72.2(c) (providing that "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law"). As discussed in this Court's previous opinion, however, the current dispute does not involve the disposition of a motion "enumerated in Local Civil Rule 72.3," and therefore, under the referral order, "the standard of review in this matter is addressed in Local Civil Rule 72.2." *Davis*, 961 F. Supp. 2d at 5. In any event, I need not delve into an analysis of defendants' arguments to the contrary because, even making a "de novo determination of those portions" of the memorandum opinion and order to which plaintiff and defendants object, LCvR 72.3(c), I

conclude that Magistrate Judge Robinson's analysis correctly resolves the question of Liberty Mutual's liability under the 2001 Order.

### C. Parties' Objections to the Magistrate Judge's Memorandum Opinion and Order

1. <u>Plaintiff's Objections</u>

In his 67-page objection filing, plaintiff appears to seek reconsideration of many issues previously decided over the course of this action's lengthy history. *See, e.g.*, Pl.'s Obj. 57-58 (arguing, contrary to the D.C. Circuit's remand order, that Magistrate Judge's 2003 oral ruling controls the scope of Liberty Mutual's liability). The only question that is properly before this Court at present, however, is whether Liberty Mutual's March 14, April 3, and November 26, 2001 responses complied with the terms of the 2001 Order. *See* Remand Order 2. On that score, plaintiff argues that "[t]here is clearly no information offered to show compliance" with the relevant payment requests. Pl.'s Obj. 51. The record belies that contention. After holding evidentiary hearings on the question of Liberty Mutual's compliance, Magistrate Judge Robinson carefully set forth her interpretation of each of the disputed provisions of the 1982 and 2001 Orders. *See* 6/16/2017 Mem. Op. 9-10. She then recounts the evidence supporting or undermining Liberty Mutual's assertions of compliance with those provisions as it pertains to each of the three disputed reimbursement requests and, in view of that evidence, carefully discusses Liberty Mutual's penalty liability. *See id.* at 10-15 (Mar. 14, 2001 request); *id.* at 15-20 (Apr. 3, 2001 request); *id.* at 21-23 (Nov. 26, 2001 request). Having considered both the record and the thoughtful analysis contained within the memorandum opinion

and order, I agree with those portions of Magistrate Judge Robinson's analysis to which plaintiff objects. Accordingly, plaintiff's objections are overruled.

2. Defendants' Objections

In her opinion, Magistrate Judge Robinson concludes that Liberty Mutual is liable under the penalty provision of the 2001 Order. As a reminder, that provision states that "for every day beyond the 30 days . . . that Liberty Mutual fails to pay in full or file an adequate response to a request for reimbursement or payment, Liberty Mutual will be liable for a $500 fine." 2001 Order ¶ 6. Magistrate Judge Robinson concluded that defendants violated the penalty provision of the 2001 Order by: 1) failing to timely provide payment in response to Davis's April 3, 2001 reimbursement request for the cost of orthopedic shoes; and 2) failing to timely file an adequate response or provide payment in response to Davis's November 26, 2001 reimbursement requests for CVS Pharmacy ("CVS") prescriptions. Not surprisingly, defendants object to those two conclusions. Defendants also object to Magistrate Judge Robinson's rejection of their "certified mail" affirmative defense, which defendants argue should have precluded the imposition of a fine in this case. Unfortunately for defendants, their arguments fail.

*a. April 3, 2001 Request for Cost of Orthopedic Shoes*

Defendants first object to Magistrate Judge Robinson's conclusion that Liberty Mutual violated the 2001 Order by failing to timely respond to Davis's April 3, 2001 reimbursement request for the cost of orthopedic shoes. Under the 2001 Order, Liberty Mutual was required to pay that request in full or file an adequate response within 30 days of receiving the request. In a letter dated April 20, 2001, Liberty Mutual informed

8

Davis that his orthopedic shoe request would be denied. *See* 6/16/2017 Mem. Op. 15-16; Defs.' Ex. E, at 41-44 [Dkt. # 223-1]. Liberty Mutual argues that its April 20 denial letter fulfilled its obligation to "file an adequate response" to Davis's request for the cost of orthopedic shoes and, thus, that Liberty Mutual may not be held liable under the 2001 Order. *See* Defs.' Obj. 20-21. But defendants' arguments ignore that Liberty Mutual later concluded on May 10, 2001 that Davis's request would indeed be honored, at least in part, yet failed to issue payment within 30 days of that revised determination. *See* 6/16/2017 Mem. Op. 20. Notably, defendants' argument would allow them to skirt the timing requirements of the 2001 Order by initially denying proper claims and then citing that initial denial as reason to issue payment beyond the required 30-day window. There is no basis to conclude that the penalty provision of the 2001 Order permits such a result. Even more importantly, the evidence shows that by May 10, 2011, defendants *had* concluded that some of Davis's orthopedic shoe expenses warranted reimbursement by Liberty Mutual. *See id.* (collecting sources). Because defendants failed to pay Davis within 30 days of that May 10, 2011 date, I agree with Magistrate Judge Robinson that a $500 fine for failure to issue timely payment is appropriate under the 2001 Order.

> b. *November 26, 2001 Reimbursement Requests for Cost of CVS Prescriptions*

Defendants next argue that Magistrate Judge Robinson erred when she concluded that Liberty Mutual failed to adequately respond to Davis's November 26, 2001 reimbursement requests for the cost of CVS prescriptions. *See id.* at 23. Although acknowledging that Liberty Mutual failed to pay Davis's reimbursement requests within

9

the 30-day window required by the 2001 Order, defendants contend that they nonetheless satisfied the order by filing an "adequate response" to plaintiff's request on December 26, 2001. *See* Defs.' Obj. 20-21. What defendants neglect to address, however, is that Magistrate Judge Robinson concluded that their December 26, 2001 letter was *not* an "adequate response" because it "failed to fully comply" with the procedures contained within paragraph 4(A) of the 2001 Order. *See* 6/16/2017 Mem. Op. 21; *see also id.* at 22 (noting that the "December 21, 2001 letter failed to 'identify each medication by date, or other distinguishing feature, and separately respond to each'" (brackets omitted) (quoting 2001 Order at 1)); *id.* at 28 (observing that Liberty Mutual's defense based on its reading of the penalty provision "does not apply to the fine imposed related to the November 26, 2001 request" because "Liberty Mutual failed to separately list and separately respond, as required in Paragraph 4(A) of the 2001 Order"). Because defendants have not objected to that component of the opinion nor explained why Liberty Mutual's response indeed complied with paragraph 4(A) of the 2001 Order, I reject defendants' contentions regarding the November 26, 2001 reimbursement request and conclude that it was proper to impose the $27,500 fine for failure to properly respond to that request.

### c. "Certified Mail" Affirmative Defense

Finally, defendants claim that Liberty Mutual may not be held liable for any violations related to the March 14, April 3, or November 21, 2001 reimbursement requests. That is so, according to defendants, because plaintiff failed to submit his requests via certified mail as required by the 1982 Order. *See* 1982 Order ¶ 1; Defs.' Obj. 16-20. In other words, Liberty Mutual argues that even though it received the relevant

10

reimbursement requests, its obligation to respond was not triggered because plaintiff failed to satisfy the condition precedent of submission by certified mail. For the reasons given by Magistrate Judge Robinson in her memorandum opinion, *see* 6/16/2017 Mem. Op. 8-9, 26-27, I conclude that defendants' argument is wholly without merit.

## CONCLUSION

For the foregoing reasons, in addition to those given by Magistrate Judge Robinson in her memorandum opinion, Liberty Mutual's responses to plaintiff's April 3, 2001 and November 26, 2001 expense reimbursement requests failed to comply with the 2001 Order. Under the penalty provision of the 2001 Order, Liberty Mutual's noncompliance for those requests warrants a total fine of $28,000. Accordingly, upon consideration of the entire record and de novo review of the objected-to portions of Magistrate Judge Robinson's memorandum opinion and order, the Court hereby DENIES defendants' motion to dismiss for lack of jurisdiction, OVERRULES both plaintiff's and defendants' objections, and AFFIRMS Magistrate Judge Robinson's memorandum opinion and order.

As the disputes over the last remaining reimbursement requests are now settled, and with no additional requests having been presented, there are no longer any matters before the Court within its jurisdiction under § 921(d). The Court therefore ORDERS that this case be terminated from the Court's active docket. As for the future, however, Liberty Mutual would be wise to reevaluate its prior conduct here not only in dealing

with a disabled party, but also in engaging in a litigation strategy calculated in part to unduly prolong the payment of these claims.

An Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge